whether his appeal is wholly frivolous. Due process requires the court, with the assistance of briefs of defense counsel setting forth any grounds arguably supporting the appeal, to make a full examination of the record before determining that the appeal is wholly frivolous.[4] Anders v. California, *supra*; Horsley v. Simpson, *supra*.

(3) If the court finds that the appeal is frivolous, an indigent defendant is entitled to be informed that he may challenge the court's finding, and that he may have the assistance of counsel in doing so. Johnson v. United States, 352 U.S. 565, 77 S.Ct. 550, 1 L.Ed.2d 593 (1957); 18 U.S.C. § 3006A.

It is clear that the District Court, by relying solely upon the conclusion of DeMarrias's attorney in finding the appeal frivolous, violated DeMarrias's constitutional rights under *Anders*.

■ Furthermore, we think that the District Court's finding of frivolity was incorrect. Without indicating any opinion on the merits of the issues raised either by the § 2255 motion or by those issues we have discerned in the record, we are convinced that serious questions are presented by DeMarrias's conviction. Some of these issues, such as the sufficiency of the evidence to support either a second degree or manslaughter conviction, the admissibility of certain statements, and the propriety of the substitu-

tion of a second indictment following DeMarrias's not guilty plea to a lesser charge,[5] have not heretofore been raised. Indeed, many of them could be raised only on a direct appeal. The effective denial of an appeal, therefore, was clearly prejudicial to DeMarrias's rights.

The decision of the District Court is reversed. DeMarrias's original appeal to this Court is reinstated. Present appellate counsel is relieved and the Clerk of this Court is instructed to appoint new counsel for the direct appeal.

**Mrs. Ruby D. BLAND, Plaintiff-Appellant,**

v.

**Elliott L. RICHARDSON, Secretary of Health, Education and Welfare, Defendant-Appellee.**

**No. 30790.**

United States Court of Appeals, Fifth Circuit.

June 21, 1971.

---

4. "The constitutional requirement of substantial equality and fair process can only be attained where counsel acts in the role of an active advocate in behalf of his client, as opposed to that of amicus curiae. The no-merit letter and the procedure it triggers do not reach that dignity. * * * [I]f counsel finds [his client's] case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal. A copy of counsel's brief should be furnished the indigent and time allowed him to raise any points that he chooses; the court —not counsel—then proceeds, after a full examination of all the proceedings,

to decide whether the case is wholly frivolous. If it so.finds it may grant counsel's request to withdraw * * *. On the other hand, if it finds any of the legal points arguable on their merits (and therefore not frivolous) it must, * * * afford the indigent the assistance of counsel to argue the appeal."
Anders v. California, 386 U.S. 738, 744, 87 S.Ct. 1396, 1400, 18 L.Ed.2d 493 (1967).

5. The United States Attorney explained that the change of indictments resulted from the fact that the original indictment was secured by another attorney while he was out of town. Upon his return, he reviewed DeMarrias's file, decided that he had been undercharged, and secured the second indictment.

Robert J. Lamb, III, William I. Aynes, Atlanta, Ga., for plaintiff-appellant.

John W. Stokes, Jr., U. S. Atty., Atlanta, Ga., Kathryn H. Baldwin, Robert M. Feinson, Attys., Dept. of Justice, L. Patrick Gray, III, Asst. Atty. Gen., Washington, D. C., for defendant-appellee.

Before JOHN R. BROWN, Chief Judge, and GEWIN and MORGAN, Circuit Judges.

PER CURIAM:

Affirmed. See Local Rule 21.[1]

See Richardson v. Perales, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 [No. 108, May 3, 1971].

**Constantine Gus KONTOS, Appellant,**

v.

**Arthur T. PRASSE, Commissioner of Correction, Huntingdon, Pa., et al.**

**No. 19389.**

United States Court of Appeals, Third Circuit.

Submitted on Briefs June 8, 1971.

Decided June 15, 1971.

Constantine Gus Kontos, pro se.

J. Shane Creamer, Atty. Gen., Peter W. Brown, Deputy Atty. Gen., Department of Justice, Harrisburg, Pa., for appellees.

Before STALEY and ADAMS, Circuit Judges, and GARTH, District Judge.

OPINION OF THE COURT

PER CURIAM.

Appellant seeks review of the denial of his motion for leave to file a civil rights action. He is a prisoner in the custody of the Pennsylvania Bureau of Correction and alleges that he is being denied necessary medical treatment for an ear infection. This court has held that the averment of what amounts to negligence does not constitute the deprivation of constitutional rights required for support of a civil rights action. Gittlemacker v. Prasse, 428 F.2d 1 (C.A.3, 1970).

The order of the district court will be affirmed.

---

1. See NLRB v. Amalgamated Clothing Workers of America, 5 Cir., 1970, 430 F.2d 966.